SUMMARY ORDER

Petitioner Jian Fang Cheng, a native and citizen of the People’s Republic of China, seeks review of an August 14, 2007 order of the BIA affirming the April 5, 2002 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jian Fang Cheng, No. A 73 532 172 (B.I.A. Aug. 14, 2007), aff'g No. A 73 532 172 (Immig. Ct. N.Y. City Apr. 5, 2002). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007) (per curiam). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the record supports the agency’s denial of Cheng’s application for asylum. First, the BIA properly found that Cheng was not eligible for *357 asylum based solely on his wife’s alleged forced sterilization. We have held that the definition of “refugee” under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 314 (2d Cir.2007). Similarly, the U.S. Attorney General has issued an opinion consistent with this Court’s decision in Shi Liang Lin. See Matter of J-S-, 24 I. & N. Dec. 520 (AG 2008). Thus, even assuming the credibility of Cheng’s testimony, he is not entitled to asylum based on his wife’s forced sterilization. Cf. Gui Yin Liu v. INS, 508 F.3d 716, 723 (2d Cir.2007) (per curiam) (noting that, pursuant to Shi Liang Lin, “a claim of persecution based solely on a forced abortion” brought by someone other than “the individual who has undergone the procedure ... is doomed”).
Moreover, Cheng has failed to adequately raise a past persecution claim based on his own resistance to China’s coercive population control program. 8 U.S.C. § 1101(a)(42)(B). The BIA has stated that the term “resistance” includes, but is not limited to, “expressions of general opposition, attempts to interfere with enforcement of government policy ... and other overt forms of resistance to the requirements of the family planning law.” Matter of S-L-L, 24 I. & N. Dec. 1, 10 (BIA 2006). Although Cheng’s original claim was based on his wife’s forced sterilization, the factual record was “ ‘adequately developed’” with respect to the issue of “resistance.” Shu Wen Sun, 510 F.3d at 381 n. 5 (quoting Gui Yin Liu, 508 F.3d at 723). Cheng eonclusorily asserts that the fact that he had more than one child demonstrated his “opposition to the birth control policy.” To the extent Cheng argues that he resisted China’s family planning policy by having a child without permission, this Court has found that “merely impregnating one’s girlfriend is not alone an act of ‘resistance.’ ” See Shi Liang Lin, 494 F.3d at 313 (quotation marks and citation omitted). Thus, irrespective of the impact of his wife’s forced sterilization on him, Cheng’s claim of past persecution based on “other resistance” is without merit. See Matter of S-L-L- 24 I. & N. Dec. at 11.
In light of Cheng’s failure to establish that he had been subjected to past persecution based on his own resistance, he was not entitled to a presumption that he would be subjected to future persecution in China. See 8 C.F.R. § 1208.13(b)(1). Further, substantial evidence supports the BIA’s finding that Cheng did not demonstrate a well-founded fear of persecution. Indeed, Cheng does not assert in his brief that authorities ever sought to apprehend him in China or that they have any current interest in him. While he asserts that his case should be remanded to afford him an opportunity to develop the record regarding his well-founded fear of persecution, he does not state the basis for that claim. Thus, given Cheng’s inability to establish that he engaged in “other resistance” to China’s family planning policy, the BIA properly concluded that he failed to meet his burden to establish a well-founded fear of persecution based on his family planning claim. See 8 U.S.C. § 1158(b)(1)(B); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (holding that an applicant’s fear of persecution was not objectively reasonable because it lacked “solid support” in the record and was merely “speculative at best”). Accordingly, the agency’s denial of asylum was proper and we need not reach its alternate credibility determination.
*358 Because Cheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT because those claims were based upon the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).